**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
123 N. Kings Road #6
Los Angeles, California 90048
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRAVIS BAIRD, an individual; and GAELEN SMITH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ROK DRINKS, LLC, a California limited liability company; MBF COMPANY, an entity of unknown form; JEFFREY MOSES, an individual; and DOES 1-10 inclusive. <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Travis Baird ("Baird"), and Gaelen Smith ("Smith," collectively with Baird referred to as "Plaintiffs") hereby complain against Defendants Rok Drinks, LLC ("Rok"); MBF Company ("MBF"); Jeffrey Moses ("Moses"); and Does 1-10 inclusive (collectively referred to as "Defendants") as follows.

## SUMMARY OF THE CASE

1.  Plaintiffs Travis Baird and Gaelen Smith are acclaimed contemporary artists, known in the art world by their respective pseudonyms "TRAV," and

1  COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  "Jurne." Plaintiffs are well known for large-scale, vibrantly colored outdoor
2  paintings featuring their pseudonyms. In addition to their murals, Plaintiffs' fine art
3  has been exhibited in galleries and art fairs around the world, including in Los
4  Angeles, Paris, Berlin, Warsaw, and Montreal.

2.     In or about March 2014, Plaintiffs painted two outdoor murals (the "Murals"), shown below, on a fence located at 1015 N. Gower St., in Los Angeles, CA. The Murals feature Plaintiffs' art pseudonyms—TRAV, left; and Jurne, right.




TRAV                                      Jurne

3.     Without Plaintiffs' knowledge or authorization, Defendants MBF and Moses made mechanical copies of the Murals, and inexplicably placed these copies on bottles of wine that MBF and Moses sold under the brand name "Graffiti Wine." The infringement continued after the business was acquired by Defendant Rok. Below are images of the wine bottles, taken from Defendants' website www.graffitiwine.net:



2                              COMPLAINT FOR DAMAGES AND
                               INJUNCTIVE RELIEF

**JURISDICTION AND VENUE**

4. Plaintiffs bring this action for copyright infringement (17 U.S.C. Section 101 et seq.); and falsification, removal and alteration of copyright management information (17 U.S.C. § 1202, et seq.).

5. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

6. Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district.

7. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Plaintiffs' claims arose in this District.

**THE PARTIES**

8. Plaintiff Travis Baird is, and at all times relevant herein has been, a resident of Los Angeles, California, and is a renowned artist, producing works under the pseudonym "TRAV." Baird's Mural that is the subject of this litigation was

painted on a fence located in this District, at 1015 N. Gower St., in Los Angeles.

9. Plaintiff Gaelen Smith is, and at all times relevant herein has been a resident of Washington, D.C, and is a renowned artist, producing works under the pseudonym "Jurne." Smith's Mural that is the subject of this litigation was painted on a fence located in this District, at 1015 N. Gower St., in Los Angeles.

10. Defendant Rok Drinks, LLC is a California limited liability company, with its principal place of business in Culver City, California. Rok Drinks markets and sells wine under the "Graffiti Wine" brand, including wine bearing labels featuring unauthorized copies of Plaintiffs' Murals.

11. On information and belief, Defendant MBF Company is an entity of unknown form, with its principal place of business in Salinas, California. On information and belief, Defendant Jeffrey Moses is the owner of MBF, and the creator of the "Graffiti Wine" brand. Prior to selling the "Graffiti Wine" brand to Defendant Rok, Defendants MBF and Moses marketed and sold wine under the "Graffiti Wine" brand—including wine bearing labels featuring unauthorized copies of Plaintiffs' Murals.

12. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiffs are informed and believe, and thereon allege, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by their conduct.

13. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to Plaintiffs for the

conduct complained of herein. Each defendant is the alter ego of each of the others.

## First Claim For Relief For Copyright Infringement

### (Against All Defendants)

14. Plaintiffs incorporate herein by this reference paragraphs 1 through 17 as if set forth in full in this cause of action.

15. Plaintiffs' graphic expressions, as shown in the images above, are original works of authorship and constitute copyrightable subject matter under the laws of the United States. The images were fixed in a tangible medium of expression, as described above. Applications for federal registration of each of the Murals has been filed with the Register of Copyrights, dated June 13, 2017; and the deposit, application, and fee required for registration of each Mural has been delivered to the Copyright Office in proper form. The case numbers associated with the applications are 1-5386944651 (Plaintiff Baird's Mural, titled "Supreme roofing wall"); and 1-5395970841 (Plaintiff Smith's Mural, titled "JURNE GOWER").

16. At all times since the creation of the Murals, Plaintiffs have complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the graphic expressions. Plaintiffs are the sole owners of all rights, title, and interest in and to the copyright in their respective graphic expressions.

17. Subsequent to Plaintiffs' creation of the Murals and (on information and belief) with full knowledge of the rights of Plaintiffs, Defendants infringed Plaintiffs' copyrights by copying and reproducing the Murals, as described above, including on their wine labels and in promotional materials. Defendants MBF and Moses originally marketed and sold wine bearing the infringing copies of the Murals, under the trade name "Graffiti Wine." In or about January 2016, Defendants MBF and Moses sold their "Graffiti Wine" brand to Rok. Throughout 2016, and continuing to this day, Rok marketed and sold wine bearing the same infringing

labels created by MBF and Moses, which feature unauthorized copies of the Murals.

18. At no time have Plaintiffs authorized Defendants to reproduce, adapt, or use their artwork.

19. By reason of Defendants' infringement and threatened infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss, including damage to their ownership rights in the copyrighted work and damage to Plaintiff's reputations and financial prospects. Plaintiffs are entitled to recover from Defendants the damages sustained as a result of Defendants' acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of their monetary damage but assert that they have sustained such damage in an amount exceeding $250,000.

20. Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. As a result of their misconduct as alleged herein, MBF and Moses enjoyed substantial revenue—including the appreciated value of the Graffiti Wine business relating to the sale of the "Graffiti Wine" brand to Rok; who, in turn, have also enjoyed substantial revenue, and appreciation in the value of the Graffiti Wine business, from the marketing and sale of the infringing goods. Plaintiffs are at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendants have obtained such gains, profits and advantages in an amount exceeding $250,000.

21. Unless enjoined and restrained, Defendants' conduct threatens to further infringe Plaintiffs' copyrights. Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, their

officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

22. Plaintiffs are informed and believe, and thereon allege, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiffs, and depriving Plaintiffs of their legal rights; was, and is, despicable conduct that subjects Plaintiffs to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiffs are entitled to an award of punitive or exemplary damages.

**Second Claim For Relief For Falsification, Removal and Alteration of Copyright Management Information in Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202)**

**(Against All Defendants)**

23. Plaintiffs incorporate herein by this reference paragraphs 1 through 26 as if set forth in full in this cause of action.

24. The Murals contained copyright management information protected under 17 U.S.C. § 1202(b), including Plaintiffs' signatures (i.e. stylized renditions of their pseudonyms "TRAV" and "Jurne").

25. Defendants intentionally obscured and/or altered the copyright management information contained in the Murals, in that Plaintiffs' names are not legible in Defendants' labels because some of the letters are cut off.

26. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

27. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiffs' knowledge or authorization.

28. Defendants' falsification of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce,

enable, facilitate, or conceal Defendants' infringement of Plaintiffs' respective copyrights in the Murals. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiffs' respective copyrights in the Murals.

29. Plaintiffs have sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged. Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of said acts. In order to determine the full extent of such damages, including such profits of Defendants as may be recoverable under 17 U.S.C. § 1203, Plaintiffs will require an accounting from each Defendant of all monies generated from their wrongful falsification, removal and alteration of Plaintiffs' respective copyright management information.

30. In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1. That Plaintiffs are awarded all damages, including future damages, that Plaintiffs have sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiffs are awarded their costs, attorneys' fees and expenses in this action;

3. That Plaintiffs are awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the

misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove any and all infringing goods from any and all remaining locations, physical or digital;

6. That Defendants be ordered to file with this Court and serve upon Plaintiffs' counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct, including copyright infringement;

9. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10. For statutory damages with respect to copyright management information.

11. For further relief, as the Court may deem appropriate.

DATED:   6/26/17                              GLUCK LAW FIRM P.C.


By:   /s/
Jeffrey S. Gluck
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on their claims on all issues triable by a jury.

DATED: 6/26/17          GLUCK LAW FIRM P.C.


By: _____/s/_____
    Jeffrey S. Gluck
    Attorneys for Plaintiffs