UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4703 PA (AFMx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Travis Baird, et al. v. ROK Drinks, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants ROK Drinks, LLC, MBF Company, and Jeffrey Moses (collectively "Defendants") (Docket No. 23). Defendants challenge the sufficiency of the First Amended Complaint ("FAC") filed by plaintiffs Travis Baird and Gaelen Smith (collectively "Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 22, 2018, is vacated, and the matter taken off calendar.

Plaintiffs filed their original Complaint on June 26, 2017. Plaintiffs allege that they are "acclaimed contemporary artists, known in the art world by their respective pseudonyms 'TRAV,' and 'Jurne.'" Plaintiffs allege that Defendants placed copies of murals painted by Plaintiffs on bottles of wine sold by Defendants under the brand name "Graffiti Wine." The original Complaint alleged a claim for copyright infringement and a claim for falsification, removal, and alteration of "copyright management information" pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

After Defendants filed a Motion to Dismiss challenging the original Complaint's DMCA claim, Plaintiffs filed the FAC as a matter of right. In the pending Motion to Dismiss, Defendants again challenge the sufficiency of the FAC's DMCA claim, but do not seek to dismiss the FAC's first claim for copyright infringement. Specifically, Defendants contend that the FAC fails to allege sufficient facts that plausibly suggest that Defendants "intentionally" and "knowingly" falsified or removed "copyright management information" as Defendants assert is required for liability under the DMCA.

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4703 PA (AFMx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Travis Baird, et al. v. ROK Drinks, LLC, et al. | | |

R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  <u>See, e.g.</u>, <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

     However, in <u>Twombly</u>, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  <u>Twombly</u>, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  <u>Id.</u> at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u> at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); <u>Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting <u>Burgert v. Lokelani Bernice Pauahi Bishop Trust</u>, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the <u>Twombly</u> standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

     In support of the DMCA claim, the FAC alleges, on information and belief, that "Defendants' removal/alteration of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to conceal Defendants' infringement of Plaintiffs' respective copyrights in the Murals.  Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would conceal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4703 PA (AFMx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Travis Baird, et al. v. ROK Drinks, LLC, et al. | | |

Defendants' infringement of Plaintiffs' respective copyrights in the Murals." (FAC at ¶ 28.) The FAC further alleges that the basis for Plaintiffs' "information and belief" concerning Defendants' intent to conceal, "is an inference from the nature of Defendants' copying: there is no other plausible explanation for Defendants' choice to crop the images in question in such a way that Plaintiff's names were rendered unreadable, except that . . . Defendants intended to obscure [Plaintiff's] names in order to make it unlikely that Plaintiffs would learn of Defendants' infringement." (Id.)

The DMCA defines "copyright management information" to mean "any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form . . . (2) The name of, and other identifying information about, the author of a work . . . (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright . . . [and] (7) Identifying numbers or symbols referring to such information or links to such information." 17 U.S.C. § 1202(c). At least two other Courts in the Central District of California have rejected arguments made at the pleading stage to dismiss claims involving stylized graffiti signatures of pseudonyms as falling outside the DMCA's definition of "copyright management information." See Tierny v. Moschino S.p.A., 2:15-CV-5900 SVW (PJWx), 2016 WL 4942033, at *4-5 (C.D. Cal. Jan. 13, 2016); Williams v. Roberto Cavalli S.p.A., CV 14-6659 AB (JEMx), 2015 WL 1247065, at *2 (C.D. Cal. Feb. 12, 2015) ("Plaintiffs properly allege that the signatures were conveyed in connection with the display of their mural. The signatures appeared in the mural itself. . . . If the signatures were part of the mural, the necessarily were conveyed in connection with the mural. Since Plaintiffs allege that the signatures fall into § 1202(c)(2) and were conveyed in connection with the mural, Plaintiffs adequately claim that the signatures constitute CMI."). This Court similarly concludes that Plaintiffs have alleged sufficient facts to state a plausible claim that their stylized signatures appearing in their murals fall within the DMCA's definition of "copyright management information" at this stage of the proceedings.

Plaintiffs' FAC alleges that Defendants' cropping of images of the murals to obscure the stylized signatures "constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b)." (FAC at ¶ 26.) Section 1202(a) of the DMCA states: "No person shall knowingly and with intent to induce, enable, facilitate, or conceal infringement—(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a). Here, there are no allegations that Defendants provided false copyright management information. The FAC therefore does not state sufficient facts to state a § 1202(a) claim. In their Opposition, Plaintiffs request leave to amend should the Court conclude "that Plaintiffs need [to] plead more facts showing that Defendants knowingly removed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4703 PA (AFMx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Travis Baird, et al. v. ROK Drinks, LLC, et al. | | |

or altered copyright management information in violation of 17 U.S.C. § 1202(b)." Plaintiffs do not request leave to amend to supplement their § 1202(a) claim, and instead appear to have abandoned it. The Court therefore dismisses the § 1202(a) claim without leave to amend.

   Section 1202(b) of the DMCA provides: "No person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information . . . knowing, or with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b). Defendants argue in their Motion to Dismiss that "falsification and removal/alteration claims have a strict scienter requirement that necessitates Plaintiffs to demonstrate that Defendants had a particular mens rea—ie., acted knowingly and with intent to facilitate infringement." (Mot. to Dimiss at 2:14-17.) However, because this is not a criminal prosecution brought pursuant to § 1204, but is instead a civil action under § 1203, Plaintiffs must, at this stage of the proceedings, only allege sufficient facts to state a plausible claim that Defendants "intentionally remove[d] . . . copyright management information . . . <u>having reasonable grounds to know</u>, that it will induce, enable, facilitate, or conceal" an infringement. 17 U.S.C. § 1202(b) (emphasis added). This is not nearly as strict an intent requirement as Defendants suggest. The Court concludes that the FAC's § 1202(b) claim alleges sufficient well-pleaded facts to satisfy the <u>Twombly</u> pleading standard.

   For all of the foregoing reasons, the Court grants the Motion to Dismiss the § 1202(a) claim without leave to amend and denies the Motion to Dismiss the § 1202(b) claim. Defendants shall file their Answer to the FAC's copyright infringement and § 1202(b) claims by no later than January 22, 2018.

   IT IS SO ORDERED.